UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-CR-69 |
| MERRELL NEAL, | ) ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on December 15, 2011, for a motion hearing on a Motion to Substitute Counsel [Doc. 66], filed on December 9, 2011, by appointed Attorney Jonathan A. Moffatt. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Mr. Moffatt represented the Defendant, who was also present.

Attorney Moffatt asks to be relieved of his representation of the Defendant due to an actual conflict of interest stemming from the Federal Defenders of East Tennessee's representation of another client. At the December 14 hearing, Mr. Moffatt stated that under the ethical rules, he could not continue to represent Defendant Neal due to an actual conflict of interest with another client of the Federal Defenders. Mr. Moffatt stated that he had discussed the conflict generally with the Defendant, who understood Mr. Moffatt's need to withdraw from the case. The Court questioned the Defendant, who stated that he had discussed this issue with Mr. Moffatt and that he understood that Mr. Moffatt needed to withdraw from representing him. The Government had no objection to

1

the requested substitution of counsel.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the existence of an actual conflict of interest, the Court finds good cause exists to grant defense counsel's Motion to Substitute Counsel **[Doc. 66]**, the same is **GRANTED**, and Mr. Moffatt is relieved as counsel for Defendant Neal. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. At the December 14 hearing, Attorney Christopher Oldham appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Oldham under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for Defendant Merrell Neal. Attorney Moffatt is **DIRECTED** to turn over the discovery and case file

to Mr. Oldham. All dates and deadlines in this case, including the January 31, 2012 trial date, shall remain the same at this time. If, upon his review of the case, Mr. Oldham determines a need for a change in the present deadlines or trial date, he shall promptly move the Court for the needed relief.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge