# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Merrell Neal<br>*Defendant* | )<br>)<br>) Case No. 3:11-CR-69<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment.

   ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

   ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:

      ☐ a minor victim

      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

      ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

   X for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 841.

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

X  under 18 U.S.C. § 924(c).

X (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)  There is a serious risk that the defendant will not appear.

☐ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence   ☐ a preponderance of the evidence that

that the Defendant is a danger to the community and to a specific person, based upon the following factors: The charged offenses involve narcotics and firearms, 18 U.S.C. § 3142(g)(1); the great weight of the evidence of the Defendant's dangerousness based upon his gang membership, his history of drug trafficking and convictions, the current drug allegations involving multiple kilograms of cocaine and firearms, and his involvement in the recent threats to the confidential informant, 18 U.S.C. § 3142(g)(2); the history and characteristics of the Defendant, including his gang membership, two prior felony drug convictions, long history of criminal involvement, and apparent lack of rehabilitation as evidenced by his resuming drug trafficking within one year of completing a ten-year prison sentence and five years of supervised release, 18 U.S.C. § 3142(g)(3)(A); and the nature and seriousness of the danger to another or the community posed by the Defendant's release, which the Court finds to be great, 18 U.S.C. § 3142(g)(4).  (Continued on next page)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:        February 17, 2012

_Judge's Signature_

United States Magistrate Judge C. Clifford Shirley, Jr.

_Name and Title_

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

(Continued from page 2)

I further find that no conditions of release, including the conditions of living with his wife, his wife serving as a third-party custodian, electronic monitoring, a curfew, or house arrest suggested by the Defendant, would reasonably assure the safety of another person or the community. 18 U.S.C. § 3142(e).